EUGENE W. MORAN, APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted December 6, 1915—Decided March 6, 1916.

On appeal from the Supreme Court.

For the appellant, *Charles M. Egan.*

For the respondent, *George Holmes* and *Edwards & Smith.*

PER CURIAM.

The plaintiff, who was injured by a car of the defendant company, sued for damages in the New Jersey Supreme Court, alleging that the defendant at the time of the accident was a common carrier of passengers and freight to and from the State of New Jersey, from and to the States of New York and Pennsylvania, and claimed a right to recover under the act of congress of April 22d, 1908, commonly called the "Federal Employers' Liability act." The case was referred to the Hudson Circuit, and the trial judge directed a verdict for the defendant on the ground that at the time the accident happened the car, which caused the plaintiff's injury, was not

engaged in interstate commerce. The learned trial judge, in directing the verdict, observed, among other things:

"When the defendant's case was put in—and no part of this evidence seems to have been shaken by cross-examination, and no attempt was made by way of rebuttal—that this car when it had discharged its cargo at East Ferry street had then been taken back to Brill's junction to be left there awaiting an order for cars, and that order was given to Mr. Hastings, who was the general yardmaster; then the nature of the order was manifested; the order was that he was to give a certain amount of tonnage in cars, and it was his function to select what cars should comply with that order, and that order was not given until half-past five or six o'clock on the day of the accident, and the accident happened at three on that day—my function, then, it seems to me, became perfectly clear, and that was when all the evidence was in and it was manifest that there was nothing upon which the jury could infer, in the light of the explanatory proof produced by the defendant, which amplified and clarified the rather vague evidence produced on the part of the plaintiff—it then seemed to me it became my duty to say that there was not anything in the case which would authorize me to say that the jury might conclude that the car at that time was engaged in interstate commerce."

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

"I think the interstate character of that car ceased, and I so decide, when the function that the car was performing in the interstate commerce was ended—that is, it was engaged in the purpose of carting coal from Mauch Chunk to Newark from a consignor to a consignee. When it had taken the last vestige of coal off of the car, and had delivered it to the consignee, I think at that point its character as an interstate commerce car ceased, and that it did not acquire a new character as an interstate commerce car until the intention on the part of the railroad company to use that car had been in some way manifested, either by act or by word."

We are of opinion that the facts of this case required the course which was taken by the learned trial judge. The law of the case will be found to be correctly stated in the opinion

of Mr. Justice McPherson, in *Pennsylvania Railroad Co.* v. *Knox* (*United States Circuit Court of Appeals, Third Circuit*), 218 *Fed. Rep.* 748, 751.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.    15.

*For reversal*—None.